1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
4  Facsimile:   (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6  Attorneys for Defendant
   AllianceOne Receivables Management, Inc.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11

12 JENNIFER LEIGH REED,              )  CASE NO.: C07 04476 PVT
                                     )
13          Plaintiff,               )
                                     )  **ANSWER**
14                                   )
       vs.                           )
15                                   )
                                     )
16 ALLIANCEONE RECEIVABLES           )
   MANAGEMENT, INC., a Delaware      )
17 corporation,                      )
                                     )
18          Defendant.               )
                                     )
19 _____   )

20

21

22

23

24

25

26

27

28

1    Defendant ALLIANCEONE RECEIVABLES MANAGEMENT, INC.

2  ("Defendant") hereby submits the following Answer to the Complaint filed in this

3  action by plaintiff JENNIFER LEIGH REED ("Plaintiff"):

4    1.    In answering Paragraph 1 of the Complaint, Defendant avers that the

5  contents of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the

6  Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. are

7  self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 1

8  are denied.

9    2.    In answering Paragraph 2 of the Complaint, Defendant admits that Plaintiff

10  alleges that jurisdiction of this Court arises under 15 U.S.C § 1692k(d), 28 U.S.C. §

11  1337 and that supplemental jurisdiction exists for Plaintiff's state law claims pursuant

12  to 28 U.S.C. § 1367.  Except as herein admitted, the remaining allegations of Paragraph

13  2 are denied.

14    3.    Denied.

15    4.    In answering Paragraph 4 of the Complaint, Defendant admits that Plaintiff

16  alleges that venue in this district is proper pursuant to 28 U.S.C. § 1391(b).  Defendant

17  further admits it transacts interstate business with residents of the Northern District of

18  California.  Except as herein admitted, the remaining allegations of Paragraph 4 are

19  denied.

20    5.    In answering Paragraph 5 of the Complaint, Defendant admits that Plaintiff

21  alleges that this lawsuit should be assigned to the San Jose Division of this Court.

22  Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

23    6.    In answering Paragraph 6 of the Complaint, Defendant admits, on

24  information and belief, that Plaintiff is a natural person residing in Santa Clara County,

25  California.  Defendant lacks sufficient knowledge to form a belief as to whether

26  Plaintiff's financial obligation at issue was incurred primarily for personal, family or

27  household purposes, and therefore can neither admit nor deny whether Plaintiff

28  qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) or as a "debtor" as

1   defined by California Civil Code § 1788.2(h).  On that basis, Defendant denies the

2   allegations.  Except as herein admitted, the remaining allegations of Paragraph 6 are

3   denied.

4          7.    In answering Paragraph 7 of the Complaint, Defendant admits that it is a

5   Delaware Corporation with a principal place of business located at 717 Constitution

6   Drive, Suite 202, Exton, Pennsylvania 19341.  Defendant further admits that it has, at

7   times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code §

8   1788.2(c); that it uses the mail and telephone to conduct its business; and that it has, at

9   times, attempted to collect debts that are due to others.  Except as herein admitted, the

10  remaining allegations of Paragraph 7 are denied.

11         8.    In answering Paragraph 8 of the Complaint, Defendant admits, on

12  information and belief, that Plaintiff incurred a financial obligation through the use of a

13  credit card account which was issued by Citibank under an account number ending in

14  "2874."  Defendant lacks sufficient knowledge to form a belief as to the remaining

15  allegations of Paragraph 8 of the Complaint and on that basis, deny them.

16         9.    Admitted.

17         10.   In answering Paragraph 10 of the Complaint, Defendant admits that it sent

18  a letter to Plaintiff dated February 15, 2007, the contents of which are self-explanatory.

19  Defendant lacks sufficient knowledge to form a belief as to whether the financial

20  obligation at issue was incurred primarily for personal, family or household use and on

21  that basis, Defendant can neither admit nor deny whether the letter it sent qualifies as a

22  "communication" as defined by 15 U.S.C. § 1692a(2).  On that basis, Defendant denies

23  the allegation.  Except as herein admitted, the remaining allegations of Paragraph 10 are

24  denied.

25         11.   In answering Paragraph 11 of the Complaint, Defendant admits that it sent

26  a letter to Plaintiff dated February 15, 2007, the contents of which are self-explanatory.

27  Except as herein admitted, the remaining allegations of Paragraph 11 are denied.

28

12.     In answering Paragraph 12 of the Complaint, Defendant admits that it sent a letter to Plaintiff dated February 15, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 12 are denied.

13.     In answering Paragraph 13 of the Complaint, Defendant admits that it sent a letter to Plaintiff dated February 15, 2007. Defendant lacks sufficient knowledge to form a belief as to whether the postage meter stamp on the envelope containing that letter was dated February 19, 2007, and on that basis deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14.     In answering Paragraph 14 of the Complaint, Defendant admits that the letter dated February 15, 2007 was deposited in the United States Mail. Except as herein admitted the remaining allegations of Paragraph 14 are denied.

15.     In answering Paragraph 15 of the Complaint, Defendant presently lacks sufficient knowledge to form a belief as to the allegations in Paragraph 15 and on that basis deny them.

16.     In answering Paragraph 16 of the Complaint, Defendant admits that it sent a letter to Plaintiff dated April 3, 2007, the contents of which are self-explanatory. Defendant lacks sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use and on that basis, Defendant can neither admit nor deny whether the letter it sent qualifies as a "communication" as defined by 15 U.S.C. § 1692a(2). On that basis, Defendant denies the allegation. Except as herein admitted, the remaining allegations of Paragraph 16 are denied.

17.     In answering Paragraph 17 of the Complaint, Defendant admits that it sent a letter to Plaintiff dated April 3, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 17 are denied.

18.     In answering Paragraph 18 of the Complaint, Defendant admits that it sent a letter to Plaintiff dated April 3, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 18 are denied.

19.    In answering Paragraph 19 of the Complaint, Defendant admits that it sent a letter to Plaintiff dated April 3, 2007, the contents of which are self-explanatory. Defendant lacks sufficient knowledge to form a belief as to whether the postage meter stamp on the envelope containing that letter was dated April 5, 2007, and on that basis deny the allegation.  Except as herein admitted, the remaining allegations of Paragraph 19 are denied.

20.    In answering Paragraph 20 of the Complaint,  Defendant admits that the letter dated April 3, 2007 was deposited in the United States Mail.  Except as herein admitted the remaining allegations of Paragraph 20 are denied.

21.    In answering Paragraph 21 of the Complaint, Defendant presently lacks sufficient knowledge to form a belief as to the allegations in Paragraph 21.

22.    In answering Paragraph 22 of the Complaint, Defendant presently lacks sufficient knowledge to form a belief as to the allegations and therefore cannot confirm or deny the allegations in Paragraph 22.

23.    In answering Paragraph 23 of the Complaint, Defendant presently lacks sufficient knowledge to form a belief as to the allegations and therefore cannot confirm or deny the allegations in Paragraph 23.

24.    In answering Paragraph 24 of the Complaint, Defendant presently lacks sufficient knowledge to form a belief as to whether it received the letter on or about April 28, 2007 and on that basis, deny the allegation.  Except as herein admitted, the remaining allegations of Paragraph 24 are denied.

25.    In answering Paragraph 25 of the Complaint,  Defendant presently lacks sufficient knowledge to form a belief as to the allegations in Paragraph 25 and on that basis deny them.

26.    Defendant denies, on information and belief, the allegations of Paragraph 26 of the Complaint.

27.    In answering Paragraph 27 of the Complaint, Defendant admits that it sent a letter to Plaintiff dated June 1, 2007, the contents of which are self-explanatory.

1  Defendant lacks sufficient knowledge to form a belief as to whether the financial
2  obligation at issue was incurred primarily for personal, family or household use and on
3  that basis, Defendant can neither admit nor deny whether any alleged correspondence
4  would qualify as a "communication" as defined by 15 U.S.C. § 1692a(2).  On that basis,
5  Defendant denies the allegation.  Except as herein admitted, the remaining allegations of
6  Paragraph 27 are denied.

7      28.    In answering Paragraph 28 of the Complaint, Defendant admits that it sent
8  a letter to Plaintiff dated June 1, 2007, the contents of which are self-explanatory.
9  Except as herein admitted, the remaining allegations of Paragraph 28 are denied.

10      29.    In answering Paragraph 29 of the Complaint, Defendant admits that it sent
11  a sent a letter to Plaintiff dated June 1, 2007, the contents of which are self-explanatory.
12  Except as herein admitted, the remaining allegations of Paragraph 29 are denied.

13      30.    In answering Paragraph 30 of the Complaint, Defendant admits that it sent
14  a letter to Plaintiff dated June 1, 2007, the contents of which are self-explanatory.
15  Defendant lacks sufficient knowledge to form a belief as to whether the meter stamp on
16  the envelope containing that letter was dated June 5, 2007 and on that basis deny the
17  allegation.  Except as herein admitted, the remaining allegations of Paragraph 30 are
18  denied.

19      31.    In answering Paragraph 31 of the Complaint,  Defendant admits that the
20  letter dated June 1, 2007 was deposited in the United States Mail.  Except as herein
21  admitted the remaining allegations of Paragraph 31 are denied.

22      32.    In answering Paragraph 32 of the Complaint,  Defendant lacks sufficient
23  knowledge to form a belief as to the allegations in Paragraph 32, and on that basis deny
24  them.

25      33.    In answering Paragraph 33 of the Complaint, Defendant admits that it sent
26  a letter to Plaintiff dated July 3, 2007, the contents of which are self-explanatory.
27  Defendant lacks sufficient knowledge to form a belief as to whether the financial
28  obligation at issue was incurred primarily for personal, family or household use and on

that basis, Defendant can neither admit nor deny whether any alleged correspondence would qualify as a "communication" as defined by 15 U.S.C. § 1692a(2).  On that basis, Defendant denies the allegation.  Except as herein admitted, the remaining allegations of Paragraph 33 are denied.

34.    In answering Paragraph 34 of the Complaint, Defendant admits that it sent a letter to Plaintiff dated July 3, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 34 are denied.

35.    In answering Paragraph 35 of the Complaint, Defendant admits that it sent a letter to Plaintiff dated July 3, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 35 are denied.

36.    In answering Paragraph 36 of the Complaint, Defendant admits that it sent a letter to Plaintiff dated July 3, 2007, the contents of which are self-explanatory. Defendant lacks sufficient knowledge to form a belief as to whether the meter stamp on the envelope containing that letter was dated July 9, 2007 and on that basis deny the allegation.  Except as herein admitted, the remaining allegations of Paragraph 36 are denied.

37.    In answering Paragraph 37 of the Complaint,  Defendant admits that it's letter dated July 3, 2007 was deposited in the United States Mail.  Except as herein admitted the remaining allegations of Paragraph 37 are denied.

38.    In answering Paragraph 38 of the Complaint,  Defendant lacks sufficient knowledge to form a belief as to the allegations in Paragraph 38, and on that basis deny them.

39.    In answering Paragraph 39 of the Complaint, Defendant admits that it sent a letter to Plaintiff dated July 31, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 39 are denied.

40.    In answering Paragraph 40 of the Complaint, Defendant admits that it sent a letter to Plaintiff dated July 31, 2007, the contents of which are self-explanatory. Defendant lacks sufficient knowledge to form a belief as to whether the meter stamp on

the envelope containing that letter was dated August 1, 2007 and on that basis deny the allegation. Except as herein admitted the remaining allegations of Paragraph 40 are denied.

41.    In answering Paragraph 41 of the Complaint, Defendant admits that the letter dated July 31, 2007 was deposited in the United States Mail. Except as herein admitted the remaining allegations of Paragraph 41 are denied.

42.    In answering Paragraph 42 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to the allegations in Paragraph 42, and on that basis deny them.

43.    In answering Paragraph 43 of the Complaint, Defendant admits that Plaintiff purports to bring her first claim for relief under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. Except as herein admitted, the remaining allegations of Paragraph 43 are denied.

44.    Defendant incorporates by reference paragraphs 1-42 above, as if fully stated herein.

45.    In answering Paragraph 45 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) and on that basis, Defendant denies the allegations of Paragraph 45 of the Complaint.

46.    In answering Paragraph 46 of the Complaint, Defendant admits it has, at times, acted as a debt collector as defined by 15 U.S.C. § 1692a(6). Except as herein admitted, the remaining allegations of Paragraph 46 are denied.

47.    In answering Paragraph 47 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither

admit nor deny whether it qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5) and on that basis deny the allegations of Paragraph 47.

48.    Denied.

49.    Denied.

50.    Denied.

51.    In answering Paragraph 51 of the Complaint, Defendant admits that Plaintiff purports to bring her second claim for relief under the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 -1788.33.  Except as herein admitted, the remaining allegations of Paragraph 51 are denied.

52.    Defendant incorporates by reference paragraphs 1-50 above, as if fully stated herein.

53.    In answering Paragraph 53 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether Plaintiff qualifies as a "debtor" as defined by California Civil Code § 1788.2(h) and on that basis, Defendant denies the allegations of Paragraph 53 of the Complaint

54.    In answering Paragraph 54 of the Complaint, Defendant admits it has, at times, acted as a debt collector as defined by Cal. Civ. Code 1788.2(c).  Except as herein admitted, the remaining allegations of Paragraph 54 are denied.

55.    In answering Paragraph 55 of the Complaint, Defendant lacks sufficient knowledge to form a belief as to whether Plaintiff's financial obligation at issue was incurred primarily for personal, family or household purposes, and therefore can neither admit nor deny whether it qualifies as a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f) and on that basis deny the allegation of Paragraph 55.

56.    Denied.

57.    Denied.

58.    Denied.

1    59.    Denied.

2    60.    Denied.

3    61.    In answering Paragraph 61 of the Complaint, Defendant avers that the

4    contents of the Rosenthal Act, Cal. Civ. Code § 1788 *et seq*. are self-explanatory.

5    Except as herein admitted, the remaining allegations of Paragraph 61 are denied.

6

7                            **AFFIRMATIVE DEFENSES**

8                As and for separate affirmative defenses to the Complaint, Defendant

9    alleges as follows:

10

11                        **FIRST AFFIRMATIVE DEFENSE**

12                            **(Failure to State a Claim)**

13           The allegations of the Complaint fail to state a claim against Defendant upon

14    which relief can be granted.

15

16                        **SECOND AFFIRMATIVE DEFENSE**

17                        **(Statute of Limitations/Laches)**

18           The purported claims set forth in the Complaint are barred in whole or in part by

19    the applicable statutes of limitation and/or the equitable doctrine of laches.

20

21                        **THIRD AFFIRMATIVE DEFENSE**

22                            **(Bona Fide Error)**

23           To the extent that any violation of law occurred, which Defendant expressly

24    denies, said violation was not intentional and resulted from a bona fide error

25    notwithstanding the maintenance by Defendant of procedures reasonably adapted to

26    avoid any such error.

27

28

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are, on information and belief, barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (No Wilful Conduct)

Defendant acted in good faith at all times in it's dealings with Plaintiff, and if any conduct by Defendant is found to be unlawful, which Defendant expressly denies, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiff, although under a legal obligation to do so, has failed to take reasonable steps to mitigate any alleged damages that he may have and is therefore barred from recovering damages, if any, from Defendant.

## SEVENTH  AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff has waived his rights, if any, to recover the relief he seeks in the Complaint based upon his own conduct and admissions with respect to the debt.

## EIGHTH AFFIRMATIVE DEFENSE
### (Good Faith)

Defendant has, at all material times with respect to Plaintiff, acted in good faith in an effort to comply fully with all relevant federal and state laws.

# NINTH AFFIRMATIVE DEFENSE

## (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiff as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendant. The liability, if any exists, of all Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of this Defendant should be reduced accordingly.

# TENTH AFFIRMATIVE DEFENSE

## (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendant had or has no control.

# ELEVENTH AFFIRMATIVE DEFENSE

## (Equitable Indemnity)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

# TWELFTH AFFIRMATIVE DEFENSE

## (Setoff)

To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is, on information and

1  belief, entitled to a setoff in the amount Plaintiff owes on his unpaid account, including
2  any recoverable interest and attorneys' fees.

3
4  ## THIRTEENTH AFFIRMATIVE DEFENSE
5  ### (First Amendment)
6         Defendant's alleged conduct and communications in attempting to collect a debt
7  is entitled to protection under the First Amendment of the Constitution of the United
8  States.  Plaintiff's proposed interpretation of the provisions of the FDCPA must be
9  rejected as they would place an unreasonable restraint upon the exercise of Defendant's
10 rights, thereby raising serious constitutional issues.

11
12        WHEREFORE, Defendant requests judgment as follows:
13        1.   That Plaintiff takes nothing by the Complaint, which should be dismissed
14 with prejudice.
15        2.   That Defendant recover from Plaintiff costs according to proof.
16        3.   That Defendant recover attorneys' fees according to proof.
17        4.   That the Court orders such other further reasonable relief as the Court may
18 deem just and proper.

19
20
21 DATED: September 20, 2007          SIMMONDS & NARITA, LLP
                                      TOMIO B. NARITA
22                                    JEFFREY A. TOPOR
23
24
                                 By:   s/Tomio B. Narita
25                                    Tomio B. Narita
                                      Attorneys for Defendant
26                                    AllianceOne Receivables Management, Inc.
27
28

---

REED V. ALLIANCEONE RECEIVABLES MANAGEMENT, INC. (CASE NO. C07 04476 PVT)
ANSWER                                                                      13.